**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CAROLYN CASTILLO,

      Plaintiff,

v.                                                  No. 1:22cv00968

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY, JOHN KUBIAK,
GLORIA LUCERO, JOHN AND JANE DOES 1-10,
and ENTITIES, CORPORATIONS, AND
PARTNERSHIPS 1-10.

      Defendants.

## NOTICE OF REMOVAL

Defendant Allstate Property and Casualty Insurance Company ("Allstate")[1] hereby gives notice of the removal to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446, of the above-captioned action, formerly pending in the District Court for the Second Judicial District, County of Bernalillo, State of New Mexico as No. D-202-CV-2022-07002. Allstate files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court. Allstate bases this removal on the following grounds:

**I.    THE COMPLAINT AND STATUS OF PROCEEDINGS IN STATE COURT.**

On November 21, 2022, Plaintiff Carolyn Castillo filed a civil complaint against the above-referenced Defendants in the Second Judicial District, County of Bernalillo, State of New Mexico, as No. D-202-CV-2022-07002.

Plaintiff served her Complaint on the Superintendent of Insurance and service was accepted on Allstate's behalf on November 28, 2022. Accordingly, this Notice of Removal is timely under 28 U. S. C. § 1446(b), because it is filed within thirty (30) days of the date of service. Pursuant to 28 U.S.C. § 1446(a), Allstate has attached hereto as Exhibit A true and correct copies of all the state court processes, pleadings and other papers served on it in this

---

[1] Although consent this removal by Defendants Kubiak and Lucero is not required as discussed below, Defendants Kubiak and Lucero consent to Allstate's Notice of Removal.

action. Plaintiff has served only Allstate, John Kubiak, and Gloria Lucero. As discussed more fully herein, Defendants Kubiak and Lucero have been fraudulently joined to this action, so their consent to removal is not required. *See* 28 U.S.C. § 1446(b)(2)(A) (requiring consent only of "defendants who have been **properly joined** and served") (emphasis added); *Hewitt v. City of Stanton*, 798 F.2d 1230 (9th Cir. 1986) (fraudulently joined defendants are not required to concur in removal); MOORE'S FEDERAL PRACTICE § 107.11(1)(d); *Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009). If consent is required, Defendants Kubiak and Lucero join in the removal.

Allstate files this Notice of Removal with this Court, and is filing a copy of the Notice of Removal in Second Judicial District Court for the State of New Mexico and serving a copy upon counsel for Plaintiff, pursuant to 28 U.S.C. § 1446(d).

## II.    BASIS FOR JURISDICTION UNDER 28 U.S.C. §§ 1332(A) AND 1441

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. There is complete diversity of citizenship between parties that were not fraudulently joined to this action, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. This action, therefore, may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a).

### A. Complete Diversity Of Citizenship Exists Between the Properly-Joined Parties.

According to the allegations of the Complaint, Plaintiff is a citizen of New Mexico. Complaint, ¶ 1. Allstate is an Illinois corporation with its principal place of business in Illinois. Allstate is thus a non-resident defendant for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

The John and Jane Doe defendants, as well as the unidentified corporations, partnerships, and entities, are "disregarded for purposes of removal on the basis of diversity of citizenship." *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228 (10th Cir. 2006); *see also* 28 U.S.C § 1441(a) ("for purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

As discussed fully below, the citizenship of Kubiak and Lucero must be disregarded for the purpose of diversity analysis, because these Defendants were fraudulently joined to this action.

## 1. Kubiak and Lucero Were Fraudulently Joined.

Fraudulent joinder is an exception to the requirement of complete diversity under 28 U.S.C. §§ 1332, 1441, and 1446. The doctrine instructs a court to ignore the citizenship of a party again whom the plaintiff has "no cause of action" stated in the complaint or who "in fact" has no cause of action. *Smoot v. Chicago, Rock Island and Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967); *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (quoting *Smoot* for the Tenth Circuit's fraudulent joinder standard).

"To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (*quoting Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). A party is fraudulently joined when the plaintiff has "no cause of action" against the party. *See Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013). A fraudulently joined party is dismissed and the court retains jurisdiction over the case. *Id.*

Fraudulent joinder has been found on a broad array of substantive and procedural grounds where a party's claims as filed showed that it in fact had "no cause of action." *Brazell*, 525 F. App'x at 882 (finding fraudulent joinder where the plaintiff's claim against defendant was not ripe); *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 881 (10th Cir. 1967) (finding fraudulent joinder where the plaintiff asserted negligence by a railroad employee whose employment was terminated months before plaintiff's alleged injury); *Karnatcheva v. JP Morgan Chase Bank, N.A.*, 704 F.3d 545, 547 (8th Cir. 2013) (finding fraudulent joinder because plaintiffs did not have standing under Minnesota law); *Witherspoon v. Bayer Healthcare Pharm. Inc.*, 2013 US Dist. Lexis 163617 (E.D. Mo. Nov. 18, 2013) (finding fraudulent joinder of non-diverse plaintiff because plaintiff's claim was time-barred); *Rivera v. Smith's Food & Drug Centers*, CIV 05-1049 RB/ACT, 2006 WL 4891275 (D.N.M. Feb. 16, 2006) (finding fraudulent joinder of two defendants in employment case where the defendants were not named in the underlying discrimination charge).

### a. Plaintiff Fails to State a Claim Against Kubiak and Lucero.

Here, it is clear on the face of the Complaint that Plaintiff has not stated, and cannot state, a cause of action against Kubiak and Lucero. A complaint must contain "enough [factual allegations] to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). Claims must be plausible: a plaintiff must plead "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations against Kubiak and Lucero consist solely of the jurisdictional allegations contained in paragraphs 5 and 6 of the Complaint, in which Plaintiff acknowledges that Kubiak and Lucero were attorneys for Allstate. Plaintiff specifically acknowledges that attorneys are "immune from suit for bad faith when the attorney provides the duties traditionally associated with the possession of a law license, such as the handling of a trial, arbitration, or an appeal." Compl., ¶ 83. Plaintiff's Complaint fails to allege that Kubiak and Lucero acted outside of those "traditional attorney duties" for which Plaintiff concedes there is immunity from suit. *See generally,* Compl. Nor could Plaintiff allege that Kubiak and Lucero were acting as anything other than attorneys when they represented Allstate during the course of judicial proceedings, including the underlying state court case, D-1314-CV-2016-01027, and subsequent arbitration. Plaintiff fails to state a claim against Kubiak and Lucero under Rule 12(b)(6), as Plaintiff fails to make *any* factual allegations against them, much less enough to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 554.

Nor could Plaintiff state a cause of action against Kubiak and Lucero, because Plaintiff has no cause of action against an insurer's defense counsel under the Insurance Code as a matter of law. *Hovet v. Allstate,* 2004-NMSC-010, 135 N.M. 397, 89 P.3d 69. In *Hovet*, the Supreme Court held that "defense attorneys may not be named as party-defendants in claims brought under the unfair claims practices section." 2004-NMSC-10, ¶ 27, 135 N.M. 397, 89 P.3d 69 (stating that "[i]n New Mexico, defense attorneys do not owe opposing parties any common-law duty of care" and that "[t]he same is true with respect to any statutory duties under the Insurance

4

Code"). The Court further stated that in a private right of action, a defense attorney cannot be held liable for a violation of any statutory duties under the Insurance Code because the private right of action is limited to violations by insurance companies and their agents – "attorneys are not included." *Id.*; *see* § 59A-16-30 (stating that "[a]ny person covered by [the TPFA] who has suffered damages as a result of a violation of that article by an insurer or agent is granted a right to bring an action in district court to recover actual damages"); *Sinclair v. Zurich Am. Ins. Co.,* 129 F.Supp.3d 1252, 1257 (D.N.M. 2015) (Only insurance companies and their agents are proper defendants under the Act, and New Mexico does not recognize a cause of action against an insurer's attorney under the Unfair Insurances Practices Act."); *see also Durham v. Guest,* 2007-NMCA-144, 142 N.M. 817, 171 P.3d 756, *overruled on other grounds,* 2009-NMSC-007, 145 N.M. 694, 204 P.3d 19. Nor does Plaintiff have a cause of action against an insurer's counsel under traditional principles of common law, because attorneys owe no duty to non-clients. *Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A.*, 1988-NMSC-014, 106 N.M. 757, 750 P.2d 118; *Willis v. Gov't Employees Ins. Co.,* Civ No, 13-280, 2016 WL 3946783 at *1-3 (D.N.M. Feb. 18, 2016) (acknowledging the plaintiff could not state a claim against insurer's defense counsel).

Finally, Plaintiff cannot state a claim for breach of contract, breach of good faith and fair dealing, or common law bad faith against the attorneys, because they were not party to any contract with Plaintiff and owed no duty to Plaintiff. *McCasland v. Prather*, 1978-NMCA-098, ¶ 7, 92 N.M. 192, 585 P.2d 336 (stating the existence of a contract is an essential element of a breach of contract action); *Sanders v. FedEx Ground Package Sys., Inc.*, 2008-NMSC-040, ¶ 8, 144 N.M. 449 (under New Mexico law, the implied covenant of good faith and fair dealing is breached when a party seeks "to withhold [a contract's] benefits from the other party"); *see also Martinez v. Cornejo,* 2009-NMCA-011, ¶ 41, 146 N.M. 223, 208 P.3d 443 (recognizing that a common law bad faith action enforces contractual obligations between the insured and insurer).

### b. Even if Plaintiff Could State a Claim Against the Attorneys, the Applicable Statute has Run.

Even if a non-client's claim against an insurer's attorneys were legally cognizable (which it is not), it is clear based on the allegations of the Complaint and based on facts of which this Court may take judicial notice that there is no possible recovery against Kubiak and Lucero based on the statute of limitations that would apply to those potential claims. As set forth above, Plaintiff cannot state a claim for breach of contract or any claims derivative thereof against the attorneys, because they were not party to any contract with Plaintiff. *McCasland*, 1978-NMCA-098; *Sanders,* 2008-NMSC-040; *Cornejo,* 2009-NMCA-011, ¶ 41. That leaves only Plaintiff's claims for violations of the Trade Practices and Frauds Act ("TPFA") as alleged in Count I of the Complaint, and declaratory judgment (Count VI).[2]

Violations of the TPFA are subject to a four year statute of limitations. *Nance v. L.J. Dolloff Associates, Inc.,* 2006-NMCA-012, ¶ 22, 138 N.M. 851, 126 P.3d 1215 (citing citing NMSA 1978 § 37-1-4). A declaratory judgment action requires an "actual controversy," such that if the statute of limitations related to viable claims has expired so, too, has the ability to bring a declaratory judgment action. *See City of Albuquerque v. Ryon,* 1987-NMSC-121, ¶ 9, 106 N.M. 600, 747 P.2d 246 (stating "declaratory judgment actions are not intended to provide a substitute for other available actions" and upholding dismissal of a declaratory judgment action where the underlying claims were time-barred); *see also Van Auken v. Catron,* 2013 WL 596658 at *3 (N.M. Ct. App. Jan. 7, 2013) (interpreting New Mexico's Declaratory Judgment Act to require an "actual controversy" which would not include time-barred claims).

Plaintiff clearly failed to file the present action within the four-year statute of limitation that would apply to any claims. Plaintiff basis the present action for bad faith on Allstate's conduct during the course of underlying litigation and arbitration. *See generally,* Compl. This

---

[2] Plaintiff's "claims" for injunctive relief and punitive damages, set forth in Counts V and VII, are remedies, not stand-alone claims, and dismissal of those purported claims is appropriate as a matter of law. *See Flor v. Bd. of Reg. of Univ. of N.M.,* 539 F. Supp. 3d 1176, 1201 (D.N.M. 2021) ("injunctive relief is a form of remedy, not a standalone claim"); *Salazar v. City of Albuquerque*, 776 F. Supp. 2d 1217, 1251 (D.N.M. 2011) ("Punitive damages, however, are not a stand-alone claim").

6

Court may take judicial notice of the date and nature of filings in the underlying state court litigation that preceded the present action. *See St. Louis Baptist Temple v. Fed. Deposit Ins. Corp.,* 605 F.2d 1169, 1172 (10th Cir.1979) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *see also Van Woudenberg v. Gibson,* 211 F.3d 560, 568 (10th Cir. 2000) ("We note, however, that the court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."), *abrogated on other grounds by McGregor v. Gibson,* 248 F.3d 946 (10th Cir. 2001).

The accident that was the subject of Plaintiff's underlying litigation and arbitration occurred on December 13, 2013. Compl. ¶ 15. Unable to resolve her various insurance claims, Plaintiff filed the underlying litigation on November 15, 2016, naming Allstate as a defendant. *See* Underlying Compl., *Castillo v. Rodriguez,* D-1314-CV-2016-01027, attached hereto as Ex. B. In the Underlying Complaint, Plaintiff alleged that she had filed an underinsured motorist claim with Allstate and that Allstate should be ordered to pay her damages. Underlying Compl., ¶¶ 43-44. Accordingly, no later than November 15, 2016 – more than six years prior to filing the present action – Plaintiff demonstrated her disagreement with Allstate's handling of her claim by filing suit against Allstate.

Even the facts that Plaintiff sets forth as the basis for her bad faith claim demonstrate that her claims are time-barred. Without in any way passing on the merits of the allegations, Plaintiff states as facts "pertinent" to her claims the following:

- Beginning on December 13, 2013, Allstate was informed of her medical status;
- Plaintiff underwent an IME at Allstate's request on March 13, 2015;
- Plaintiff underwent a second IME on February 4, 2016;
- On May 25, 2017, Plaintiff made a settlement offer of policy limits; and
- Allstate never extended a written offer related to certain claimed property damages or personal injury damages.

Compl., ¶¶ 32-49. Because Plaintiff acknowledges that she disagreed with Allstate's handling of her claim no later than her rejected settlement demand of May 25, 2017, Plaintiff's claims against Kubiak and Lucero arising out of their actions as attorneys for Allstate were time-barred when she filed suit on November 21, 2022.

### B. The Amount in Controversy Exceeds $75,000.

Additionally, the amount in controversy exceeds the sum or value of $75,000 required to confer jurisdiction on this Court pursuant to 28 U.S.C. § 1332(a). Satisfaction of the amount-in-controversy requirement must be established by a preponderance of the evidence. See *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). "[A] plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount [in controversy]." *Id.* at 955. A defendant's burden in establishing jurisdictional facts is met if the defendant proves "jurisdictional facts that make it possible that $75,000 is in play." *Id.* If the defendant makes such a showing, then "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *Id.* (citing *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)). The Tenth Circuit has identified several ways in which a defendant may demonstrate the amount in controversy. Those include an estimate of the potential damages from the complaint. *McPhail,* 529 F.3d at 956.

In the present case, Plaintiff alleges that she sustained property damages in the accident totaling $30,934.60, medical expenses totaling $63,505.40, anticipated future medical treatment of $258,520.00, lost wages totaling $45,510.27, and out-of-pocket expenses totaling $570.00. Compl., ¶¶ 42-47. Plaintiff claims she sustained pain and suffering and other related damages totaling $704,888.00. *Id*. ¶ 48. Plaintiff claims Allstate engaged in bad faith in failing to pay a $425,000 arbitration award. *Id.* ¶¶ 53. Plaintiff alleges entitlement to compensatory damages, punitive damages, costs, pre- and post-judgment interest, and attorney's fees. Compl., WHEREFORE Clause, ¶¶ A-I. Without in any manner passing on the merits of the Plaintiffs' claims, and only taking into account the kinds of compensatory damages Plaintiffs seek and the

compensatory damages awarded in similar cases, the Court can reasonably conclude that the Plaintiffs' verdict could exceed $75,000.00.

Plaintiffs' claimed compensatory damages alone do not end the inquiry, because the calculation of the amount in controversy includes an analysis of claimed compensatory damages, punitive damages, and attorney's fees. *See, e.g., Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943); *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994). Punitive damages are recoverable in New Mexico for common law bad faith, as alleged in Plaintiffs' Complaint. *See, e.g., Jessen v. National Excess Ins. Co.*, 108 N.M. 625, 776 P.2d 1244, 1246 (1989) ("[b]ad faith supports punitive damages upon a finding of entitlement to compensatory damages). Juries in New Mexico, this Circuit, and elsewhere have awarded large punitive sums against insurance companies in cases involving, inter alia, bad faith. *See, e.g., Am. Nat'l Prop. & Cas. Co. v. Cleveland*, 2013-NMCA-013, 293 P.3d 954 (affirming award of $20,000 in additional compensatory damages for bad faith and $50,000 for punitive damages when $8,260.08 in contract damages claimed); *O'Neel v. USAA Ins. Co.,* 2002-NMCA-028, 131 N.M. 630, 41 P.3d 356 (affirming compensatory damages award against insurer of $2,500, punitive damages award of $20,000, and attorney's fees award of over $64,000); *Capstick v. Allstate Ins. Co.*, 998 F.2d 810 (10th Cir. 1993) (jury awarded $2 million for alleged bad faith refusal to pay total-loss automobile insurance claim); *Burge v. Mid-Continent Casualty Co.*, No. 92-5973 (New Mexico Second Judicial District Court 11/23/98 jury verdict of $957,400 for breach of contract, unfair claim practices and insurance bad faith); *Buzzard v. Farmers Ins. Co., Inc*., 824 P.2d 1105, 1114-15 (Okla. 1991) (jury awarded $2 million in punitive damages for alleged bad faith refusal to pay an underinsured motorist coverage claim); *Hawkins v. Allstate Ins. Co*., 733 P.2d 1073 (Ariz. 1987) (jury awarded $3.5 million in punitive damages for bad faith, where compensatory damages were $15,000), cert. denied, 484 U.S. 874 (1987); *Paiz v. State Farm Fire & Cas. Co*., 118 N.M. 203, 880 P.2d 300 (1994) (jury awarded [although punitive damages award was ultimately reversed] over $800,000 against insurer and agent for insurer's denial of payment for damage to a building destroyed by fire); *United Nuclear Corp. v. Allendale Mutual Insurance*

*Co.*, 103 N.M. 480, 709 P.2d 649 (1985) (jury awarded [although award was ultimately reversed] $25 million in punitive damages and $3 million in attorneys' fees against insurer); *Curtiss v. Aetna Life Ins. Co.*, 90 N.M. 105, 560 P.2d 169 (Ct. App. 1976) (affirming $100,000 punitive damage award against insurer in individual bad faith action), *cert. denied*, 90 N.M. 7, 558 P.2d 619 (1976). A review of jury awards such as these has been sufficient to establish the propriety of removal jurisdiction in individual diversity cases. *Marrujo v. Swift Transportation Co.,* CIV No. 98-1222 BB/DJS, mem. op. (D.N.M. Aug. 6, 1999) (denying remand of removed action based on defendant's analogy to jury verdicts in cases with similar alleged injuries); *see also Woodward v. Newcourt Commercial Finance Corp.*, 60 F.Supp.2d 530, 532 (D.S.C. 1999) (Plaintiff's "claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount"). The availability of punitive damages alone makes it possible to establish here that $75,000 is "in play." *See McPhail v. Deere & Co.,* 529 F.3d 947, 955 (10th Cir. 2008)("[T]he defendant must affirmatively establish jurisdiction by proving jurisdictional facts that [make] it *possible* that $75,000 [is] in play." (emphasis added).

Likewise, the availability of attorneys' fees may also be considered in determining whether the amount in controversy is met. *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337 (10th Cir. 1998). Attorneys' fees are recoverable under certain circumstances under the New Mexico Insurance Code, a statute pursuant to which Plaintiffs are suing. N.M. Stat. Ann. § 59A-16-30; *see Salazar v. GEICO Ins. Co*., 2010 U.S. Dist. LEXIS 52290 (D.N.M. April 27, 2010) (Judge Browning denying motion to remand uninsured motorist case); *Jamison v. State Farm Gen'l Ins. Co.*, No. CIV 98-1004 BB/RLP mem. op. (D.N.M. Dec. 7, 1998) (denying remand of removed action because, in part, "Attorneys' fees must be included when determining whether the amount in controversy exceeds the minimum jurisdictional amount for the invocation of federal jurisdiction," citing In re Abbott Lab., 51 F.3d 524 (5th Cir. 1995)); *see also, Miera v. Dairyland Insurance Co.*, No. 96-0136-M, Mem. Op. (D.N.M. Feb. 28, 1996) (denying remand of removed action based on availability of attorneys' fees under New Mexico Unfair Claim Practice Act and Unfair Trade Practice Act); *Travelers Indemnity Co. v. Sotheby's Holding, Inc.*, Civ. No. 02-691

LFG/DJS Memorandum Opinion and Order Denying Plaintiffs' Motion for Remand, at 3 (D.N.M. Oct. 25, 2002) (finding jurisdictional amount established by claim for treble damages and attorneys' fees under Unfair Trade Practices Act).  Attorney's fees in a case for unfair claims practices brought under the New Mexico Insurance Code would bring the amount in controversy well over the jurisdictional limit.  *See O'Neel v. USAA Ins. Co.,* 2002-NMCA-028, 131 N.M. 630, 41 P.3d 356 (affirming the jury's $2,500 compensatory damages award, $20,000 punitive damages award, and $64,000 award of attorney's fees under the New Mexico Insurance Code); *see also Sloan v. State Farm Mut. Auto. Ins. Co.,* Magistrate Judge's Proposed Findings and Recommendation, Civ. No. 00-702 BB/WWD at *4-8 (D.N.M. Apr. 17, 2002) (recommending award to Plaintiffs' three attorneys of $158,260.50, $203,836.00, and $52,925.00 respectively for successful trial of a claim brought under the New Mexico Insurance Code).  The value of the object of litigation in Plaintiffs' Complaint easily establishes that Plaintiffs seek to "put in play" an amount well in excess of $75,000.  Accordingly, Allstate has satisfied the jurisdictional amount threshold.

Allstate has satisfied all other requirements for removal and reserves the right to amend this Notice of Removal.  If any questions of the propriety of this removal should arise, Allstate requests the opportunity to present a brief and argument in support of this removal.

        MODRALL, SPERLING, ROEHL, HARRIS
        & SISK, P.A.

By: */s/ Jennifer A. Noya*
    Jennifer A. Noya
    Sonya R. Burke
    500 Fourth Street NW, Suite 1000
    Post Office Box 2168
    Albuquerque, New Mexico  87103-2168
    Telephone: 505.848.1800
    Facsimile: 505.848.1899

*Attorneys for Defendants*

WE HEREBY CERTIFY that on this 21st day of December 2022, we filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

 Michael G. Solon
 Linda J. Rios
 RIOS LAW FIRM, P.C.
 PO Box 3398
 Albuquerque, NM 87190
 505.232.2298
 Email: michael.solon@lrioslaw.com
   linda.rios@lrioslaw.com
 *Attorneys for Plaintiffs*

MODRALL, SPERLING, ROEHL, HARRIS
 & SISK, P.A.

By:*/s/ Jennifer A. Noya*
 Jennifer A. Noya

W3216314.DOCX