IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CAROLYN CASTILLO,

    Plaintiff,

v.                                      Case No. 1:22-cv-0968-KG-JFR

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY, JOHN KUBIAK,
GLORIA LUCERO, JOHN AND JANE DOES 1–10,
and ENTITIES, CORPORATIONS, AND
PARTNERSHIPS 1–10,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## AWARDING ATTORNEY'S FEES AND COSTS

This matter is before the Court on the Court's Memorandum Opinion and Order (Doc. 19), granting Defendant Allstate Property and Casualty Insurance Company's request for Sanctions and Defendant's timely filed Submission for Attorney's Fees and Costs, (Doc. 21). Noting that Plaintiff's counsel did not object to the fee and costs declaration, the Court awards Defendant its requested fees as described below.

The Court, in its Memorandum Opinion and Order, determined that "Plaintiff's counsel violated Rule 11(b)(2) by pleading and arguing legally unsupported and unsupportable positions[,] . . . the duty of candor, Rule 13-303(A)(2) NMRA, by omitting prior litigation between the two parties, and Rule 11(b)(3) where its pleading is factually insufficient." (Doc. 19) at 24. As a consequence, the Court ordered "Plaintiffs (sic) counsel, and their firm, to pay reasonable attorneys (sic) fees to Allstate in an amount to be determined." *Id.* at 27. On September 13, 2023, Defendant's counsel timely filed a declaration calculating the fees and costs Defendant incurred defending against this litigation—totaling $24,234.22. (Doc. 21-1).

Plaintiff's counsel had 14 days, or until September 27, 2023, to file her objections. To date, no objections have been filed.

Federal Rule of Civil Procedure 11 states:

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4). This Court has already described the conduct that violated Rule 11 in its previous Memorandum Opinion and Order, deciding to issue monetary sanctions. (Doc. 19). Thus, the only issue facing the Court is the amount of sanction.

Once a Court decides that attorney's fees and costs are an appropriate sanction under Rule 11, the moving party files an affidavit detailing the requested amount. A court then determines whether the requested fees are reasonable using the lodestar calculation. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar calculation, as its name suggests, is "the guiding light of our fee-shifting jurisprudence." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002)). The lodestar amount is calculated by multiplying the number of attorney hours reasonably expended by a reasonably hourly rate. *Robinson*, 160 F.3d at 1281 (citation omitted). "[T]he resulting product *is presumed* to be the reasonable fee to which counsel is entitled." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

Defendant's counsel billed Defendant between $260 and $325 per hour for attorney work and $140 per hour for paralegal work. (Doc. 21-1) at 2. Specifically, Defendant's counsel billed Defendant for 34 hours at $325, 41.5 hours at $260, 1.9 hours at $140. *Id.* at 4. Defendant also paid $415 in filing fees and $1,713.22 in gross receipts tax. *Id.* Based on Defendant's counsel's

declaration, the Court finds the following: (1) the 77.4 hours billed were reasonable for the task at hand; (2) the $140- to $325-per-hour rates claimed are reasonable because they fall squarely within the local range of hourly rates; and (3) all fees and costs Defendant's counsel claimed were incurred defending Plaintiff's claims. From the numbers provided, the Court finds the lodestar amount correctly calculated as $24,234.22. As noted above, Plaintiff's counsel did not object.

This amount reflects, among other things, the time Defendant's counsel spent (1) corresponding with their client and Plaintiff's counsel, (2) answering the complaint and preparing and filing and Notice of Removal, and (3) research, drafting, and filing their briefs. (Doc. 21-1). In agreeing with Defendant's counsel's fees and costs calculation, the Court notes her 29 years of practice and insurance coverage experience. (Doc. 21-1). The Court also notes Plaintiff's counsel's failure to object. In considering the sanction, the Court thoroughly reviewed the merits of this case again to determine whether to reduce the fee and costs award, but it came up empty. Given the number and nature of Plaintiff's counsel's violation, the Court concludes that the fees and costs as stated accords with Rule 11 and is properly limited to deter such conduct in the future.

It is ordered, therefore, that Defendant is awarded $24,234.22 in costs and fees against Plaintiff's counsel and their firm. This amount shall be paid within 30 days of the entry of this Order. Plaintiff's counsel will file a Notice of Satisfaction once payment has been made.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE